WINFIELD L. WHITE *vs.* PHILIP HERSHKOVITZ & another.

Franklin.   September 16, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract*, Performance and breach.   *Evidence*, Relevancy and materiality.

Where, at the trial of an action for breach of a contract in writing whereby it was agreed that the plaintiff should "plant land for the purpose of raising 2 acres Dills for the" defendant at a certain price per ton and should have no right to sell to any one else, there was evidence that the plaintiff raised an "exceptionally good crop" and that, while part of the crop still was undelivered, the defendant refused to receive further

delivery, stating that he had "more dill than he wanted, and he would come over and settle for the dill . . . estimated on the field," but that no such settlement was made, it was proper to deny a motion for a verdict for the defendant.

A bill of exceptions brought to this court by the defendant in the action above described did not contain the judge's charge to the jury and showed no exception to instructions given by the judge. There was evidence that within ten days after the defendant's refusal to receive more dill a frost ruined the crop. The defendant excepted to the admission of evidence showing how much dill was upon the entire field. *Held*, that it must be assumed that the jury were properly instructed on the applicable rule of damages, and that no error of law in the admission of evidence was disclosed.

There was *held* to have been no reversible error at the trial of the action above described in admitting evidence of dealings of a third party with the defendant in contradiction of testimony of the defendant as to a statement made by the defendant as to such dealings in a letter which he had introduced in evidence, even if the dealings of the defendant with the third party were unimportant and immaterial.

CONTRACT for alleged breach of a contract in writing to purchase dill from the plaintiff. Writ dated November 21, 1922.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. The jury found for the plaintiff in the sum of $729.30. The defendants alleged exceptions.

*W. A. Davenport*, (*C. Fairhurst & W. L. Davenport* with him,) for the defendants.

*H. E. Ward*, for the plaintiff.

CARROLL, J. By a contract in writing dated May 16, 1922, and signed by both parties, the plaintiff agreed with the defendants "to plant land for the purpose of raising 2 acres Dills for the . . . [defendants] at the price of $35.00 per ton weight" and should have no right to sell the dill to anyone other than the defendants. There was evidence that the plaintiff planted two acres of dill, and raised "an exceptionally good crop"; that he began harvesting and delivering to the defendants on August 29, and continued to deliver until October 3; that he delivered about three tons. He testified that on September 30, he met the defendant Hershkovitz

at the place of shipment, who asked him "what . . . [he] brought that over for," saying: "I don't want it; I don't want any more"; that Hershkovitz further said "he had more dill than he wanted, and he would come over and settle for the dill we estimated on the field. He made some remark in regard to a couple of more shipments, possibly, and one more shipment was made after that which was on October 3, and the other shipment was cancelled . . . [that the plaintiff] expected to make two more shipments, and did not because one was cancelled." The defendant Hershkovitz denied that he refused to receive the shipments; he testified that the plaintiff refused to make further deliveries by weight, and said: "I ain't going to cut no more dill by weight. The dill is dried out . . . If you will pay me twenty-six and one-half ton by the row, I will bring the dill." This was denied by the plaintiff. With this conflict in the evidence it was a question for the jury to decide whether there was a breach of the contract by the defendants, as claimed by the plaintiff, or, whether the plaintiff refused to perform, according to the defendants' contention. As a question of fact was presented, the judge could not direct a verdict for the defendants.

The defendants contend that there was no evidence showing the cost of cutting and delivering the dill to the mill. They excepted to the evidence showing how much dill was upon the entire field. They rely on *Barry* v. *Cavanagh*, 127 Mass. 394. The report shows that the plaintiff testified that within ten days after September 30, a frost ruined the field, the crop dried up and was of no value. We must assume that the jury were properly instructed on the rule of damages. The charge is not reported and no exception appears to have been taken to the instructions given to the jury. We discover no error of law in the admission of the evidence excepted to.

The defendants in the cross-examination of the plaintiff introduced a letter of the defendants to the plaintiff, dated October 17, in which it was stated that "We have estimated Dominsky's Dill and found that we have paid him $259.35 for 2 acres of Dill. Accordingly we are estimating your dill

and would say there are about 6 ton of Dill coming to you as a balance." On cross-examination of Hershkovitz his attention was called to this letter and he testified to the effect that the plaintiff's crop was no larger than Domenski's crop; that he received all of Domenski's crop and paid him for it. Domenski was called by the plaintiff and was asked "Was your crop all taken by them [the defendants]?" to which he answered "No." To this evidence of Domenski the defendants excepted. Even if the dealings of the defendants with Domenski were unimportant and immaterial, in view of the letter of October 17, introduced by the defendants, and their testimony bearing on this letter, there was no reversible error of law in the admission of the testimony of Domenski.

We discover no error in the conduct of the trial.

*Exceptions overruled.*